## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ingrid Caples,**
**Defendant Below, Petitioner**

**FILED**

March 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1712** (Jefferson County 10-C-45)

**Locust Hill Unit Owner's Association, Inc.,**
**Plaintiff Below, Respondent**

### MEMORANDUM DECISION

Petitioner Ingrid Caples, *pro se*, appeals the circuit court's final judgment order, entered August 15, 2011, awarding $2,002.38 to Respondent Locust Hill Unit Owner's Association, Inc. following a bench trial, and the circuit court's order, entered November 3, 2011, denying petitioner's post-trial motions. Respondent Locust Hill Unit Owner's Association, Inc. ("Locust Hill"), by Christopher P. Stroech, its attorney, filed a response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is, and has been at all relevant times, a unit owner of certain real property located in the Locust Hill Subdivision and known as 533 Turnberry Drive, Charles Town, West Virginia 25414. Locust Hill is a "common interest community" as defined in the Uniform Common Interest Ownership Act, West Virginia Code §§ 36B-1-101, *et seq.* ("UCIOA"), and is governed by its Declaration of Locust Hill, duly recorded in the office of the Clerk of the Jefferson County Commission in Deed Book No. 662, page 313, including all subsequent amendments.

Both the UCIOA and the Declaration vest Locust Hill with the authority to enforce the Declaration's provisions. Article XXIV, Section 24.2 of the Declaration provides that the executive board is vested with the power to: (1) adopt and amend budgets for revenues, expenditures, and reserves; (2) collect assessments from unit owners for common expenses; and (3) impose a reasonable charge for the late payment of assessments. Under Article XVIII, each unit owner is assessed a fee for the common expenses of Locust Hill pursuant to the procedure set forth in Article XVIII.

1

In earlier litigation between the parties involving the same issue (assessment amounts for the common expenses), Civil Action No. 04-C-357, the circuit court noted that the issue involved "an outstanding debt of $224.00 ($200.00 annual dues for 2004, plus $24.00 late fee charge) for annual association dues, admittedly unpaid by [petitioner], a subdivision homeowner, pursuant to the Declaration and Bylaws of Tuscawilla West (now named Locust Hill), and certain amendments thereto." The circuit court further noted Article XVIII, Section 18.5 of the Declaration:

> Section 18.5 – Budget Adoption and Ratification. Within 30 days after adoption of a proposed budget for the Common Interest Community, the Executive Board shall provide a summary of the budget to each Unit Owner, and shall set a date for a meeting of the Unit Owners. . . . Unless at that meeting 80 percent of Unit Owners present reject the budget, the budget is ratified[.]

The circuit court found that Locust Hill could not demonstrate that the unit owners voted on the 2001 increase in the common assessments, "and if so, by margin did the vote pass or fail." The circuit court concluded as follows:

> For administrative simplicity and in light of the available evidence, the Court finds that the $175.00 annual fees established by the Executive Board on or about 2001 are presumptively valid, and shall be used as such by the Court in establishing compensation due from [petitioner].
>
> Accordingly, it is ORDERED and ADJUDGED that [petitioner] pay [Locust Hill], pursuant [to] the HOA Declarations and Bylaws, the outstanding 2004 annual dues, as follows: $175.00, minus the three $25 overpayments (for 2001-2003) made to [Locust Hill], for a total of $100.00.[1]

The circuit court specifically limited its findings and conclusions to petitioner[2] whom the court found had substantially prevailed in No. 04-C-357. Locust Hill filed a motion for a new trial which was denied.

In the present litigation,[3] Civil Action No. 10-C-45,[4] the parties contest the assessment

---

[1] In other words, instead of petitioner owing Locust Hill $224, the circuit court determined that she owed only $100 in assessment fees for 2004.

[2] Locust Hill had sued numerous unit owners for delinquent assessment fees.

[3] The present litigation involves other unit owners in addition to petitioner.

2

amounts for 2005 through 2011. The circuit court found that "[b]ased upon the undisputed evidence presented at trial, [petitioner] has failed to pay assessments, through June 30, 2011, in the total amount of $2,002.38." The circuit court held that its order from No. 04-C-357 addressed only the years 2001 through 2004. The circuit court found that with respect to the increases in the assessment amounts in both 2005 and 2007, the proposed budget was ratified "[p]ursuant to Section 18.5, Article XVIII."

Regarding a payment of $1,150 petitioner made in response to an amnesty letter from Locust Hill, the circuit court found as follows:

> . . . While an offer of amnesty was presented to [petitioner], the total amount due per the amnesty letter was $2,035.00. [Petitioner] did not submit the required balance for amnesty; instead[,] she submitted a check for $1,150.00 based upon an improper belief that a 2004 court order required her to only pay $175.00 per year. The Court reads the 2004 court order to apply solely to the 2004 annual dues. Because she failed to submit the total balance due by the expiration date and because she did not indicate on the check that payment was for full and complete satisfaction, she waived any right to amnesty as offered by the letter dated March 1, 2010.

Accordingly, the circuit court granted in Locust Hill's favor, and against petitioner, in the amount of $2,002.38.

Petitioner filed a motion, and then an amended motion, for amendment of judgment or a new trial. The circuit court denied petitioner's motions finding that "[petitioner] has not introduced new or otherwise convincing evidence in her motions, nor has she demonstrated that the decision of this Court was based on false evidence or will result in a miscarriage of justice."[5]

## WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN FINDING PETITIONER OWED $2,002.38 FOLLOWING BENCH TRIAL

---

[4] As part of her answer in No. 10-C-45, petitioner asserted a counterclaim against Locust Hill that Locust Hill: (1) does not adhere to the circuit court's order in No. 04-C-357 (based upon her own interpretation of the order) ; (2) does not operate according to its governing documents; (3) creates unnecessary and/or excessive liabilities for Locust Hill and does not operate in a transparent manner; (4) uses strong-arm tactics including threatening lien and foreclosure actions in the March 1, 2010, amnesty letter; and (5) operates in a biased and hostile manner, and retaliates against unit owners who do not agree with it. Petitioner's counterclaim will be discussed infra.

[5] In a subsequent order petitioner has not appealed, entered April 5, 2012, the circuit court awarded Locust Hill its attorney's fees and costs in the amount of $9,713.21.

In Syllabus Point One of *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996), this Court set forth the standard of review in appeals following bench trials:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*See also* Rule 52, W.V. R.C.P. (providing that in an action tried upon the facts without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.").

On appeal, petitioner disputes the circuit court's interpretation of its own prior order in No. 04-C-357 and asserts that the circuit court failed to address or resolve issues of conflicting facts. In making this latter assertion, petitioner alleges that Locust Hill tendered to the circuit court a copy of the Declaration not consistent with the copy of the Declaration that has been duly recorded and that one of Locust Hill's other trial exhibits has been "<u>tampered with</u>" to reflect an incorrect date. Petitioner says that she submitted a "true copy" of the exhibit with her amended motion for amendment of judgment or a new trial that the circuit court subsequently denied. Petitioner further asserts that "Exhibit E" of the Declaration applies to the assessment increases at issue[6] even though the circuit court made the contrary finding.[7] Petitioner also disputes the circuit court's findings that she received periodic invoices showing the total amount due and that she waived her right to amnesty under the March 1, 2010 letter. Petitioner asserts that her check for $1,150 was in full and complete satisfaction of the fees she then owed despite the fact that Locust Hill demanded

---

[6] Petitioner argues that in No. 04-C-357, the circuit court determined that "Exhibit E" was controlling. However, a reading of the circuit court's order in 04-C-357 reflects that it was Article XVIII, Section 18.5 that the court found controlled the outcome of that case. Petitioner prevailed in 04-C-357 not because the circuit court found that "Exhibit E" or some provision of the UCIOA limited Locust Hill's ability to increase assessment fees, but only because the court found that Locust Hill could not demonstrate that the unit owners voted on the 2001 increase in the common assessments, "and if so, by what margin did the vote pass or fail." It was a factual determination, not a legal one.

[7] Somewhat strangely, petitioner appears to also assert that "Exhibit E" was never admitted into evidence. Citing to the paragraph of the August 15, 2011 order where the circuit court discusses "Exhibit E," Locust Hill asserts that it was admitted and considered at the bench trial. Locust Hill also correctly notes that if some other exhibit of petitioner's was not admitted, it was her responsibility to move the exhibit's admission, not the circuit court's.

4

$2,035 in the letter. Petitioner further disputes the circuit court's finding that a proposed resolution did not constitute evidence that assessment fees were being improperly increased.[8] In response, Locust Hill asserts all of the alleged errors asserted by petitioner seemingly related to procedural or factual issues and, therefore, this Court should not reverse the circuit court in the absence of clearly erroneous findings or an abuse of discretion. After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in awarding Locust Hill a judgment in the amount of $2,002.38.

PETITIONER'S COUNTRCLAIM

Petitioner argues that the circuit court failed to address her counterclaim. Locust Hill argues that the circuit court's August 15, 2011 final judgment order and its November 3, 2011 order denying petitioner's post-trial motions were sufficient to have resolved petitioner's counterclaim in its favor. Locust Hill further asserts that petitioner's counterclaim was not viable and that petitioner failed to raise any issue relating to the counterclaim with the circuit court. From this Court's review, petitioner's post-trial motions, taken together with their exhibits and attachments, do mention and make reference to her counterclaim. However, it is correct to say that many of the allegations contained in petitioner's counterclaim also go to whether petitioner was delinquent in paying her assessment fees. To the extent that there were allegations contained in petitioner's counterclaim that were independent of the central issue decided in the circuit court's August 15, 2011 final judgment order, this Court, after careful review, considers that any such allegations were resolved when the circuit court denied petitioner's post-trial motions. "This Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard[.]" Syl. Pt. 1, in part, *Burke-Parsons-Bowlby Corp. v. Rice*, No. 11-0183 2012 WL 5478673 (W.Va. Nov 7, 2012).[9] After careful consideration, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's motion, and amended motion, for amendment of judgment or a new trial.

For the foregoing reasons, we find no error in the decisions of the Circuit Court of Jefferson County. We affirm the circuit court's August 15, 2011 final judgment order, awarding

---

[8] Petitioner also argues that there was not proper notification of the existence of a lien pursuant to West Virginia Code § 36B-3-116 and that the lien should now be extinguished in respect to certain amounts. However, while Locust Hill may have a lien against petitioner's unit for unpaid fees pursuant to § 36B-3-116, it is not apparent from a review of the record that any such lien is a subject of the case at bar. Therefore, this Court concludes that petitioner's arguments regarding any such lien are misplaced.

[9] Petitioner filed her first motion for amendment of judgment or a new trial on August 25, 2011, after the final judgment order was entered on August 15, 2011. Petitioner stated in her motion that it was being made pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. Based upon the standards for the computation of time set forth in Rule 6(a) of the West Virginia Rules of Civil Procedure, this Court finds that the motion was made pursuant to Rule 59 and, therefore, utilizes that standard of review.

$2,002.38 to Locust Hill following a bench trial, and its November 3, 2011 order denying petitioner's post-trial motions.

Affirmed.

**ISSUED:** March 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II